UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  2:25-01255 KK (ADS)                                        Date:  May 1, 2025

Title:  *Isaiah Clifton Gaines v. Los Angeles Cnty. Metro. Transp. Auth., et al.*

---

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER DENYING MOTION TO REMAND**

Before the Court is pro se Plaintiff Isaiah Clifton Gaines' Motion to Remand (the "Remand Motion"). (Dkt. No. 9.) The Motion seeks an order remanding this action back to the Superior Court of California. (Id. at 10.) Defendant William O. Acosta filed an Opposition to the Motion. (Dkt. No. 15.) The Court vacated the hearing on the Motion, set for April 16, 2025, and took the matter under submission. For the reasons stated below, the Remand Motion is DENIED.

**I.     BACKGROUND**

On December 4, 2024, Plaintiff filed a complaint in Los Angeles County Superior Court (the "Complaint"). (Dkt. No. 1-1.) The Complaint named Los Angeles County Metropolitan Transportation Authority ("LA Metro"), Metro Transit Enforcement Security Officer Arana ("Arana"), Metro Transit Enforcement Security Officer Lira ("Lira"), and Los Angeles Police Department Detective Acosta ("Acosta") as defendants. (Dkt. No. 1-1 at 1.) The Complaint alleges that while riding the Los Angeles Metro subway, Plaintiff was stopped by two Metro Officers, Arana and Lira, who then used excessive force to remove Plaintiff from the train and were aided by LAPD officers, including Acosta. (Dkt. No. 1-1 at 8-10.) The Complaint alleges the following claims: (1) Right to be Secure from Unreasonable Seizures; (2) Assault on the Person; and (3) Punitive Damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:25-01255 KK (ADS)                                      Date:  May 1, 2025

Title:  *Isaiah Clifton Gaines v. Los Angeles Cnty. Metro. Transp. Auth., et al.*

Specifically, relevant here, the First Cause of Action states,

> Plaintiff was seized by Defendants when Defendants intentionally, and through use of force, terminated his freedom of movement, thereby violating his Constitutional right under the 4th Amendment to the Constitution of the United States and his rights under California Constitutional Article § 13.

(Dkt. No. 1-1 at 5-6.)

On February 13, 2025, Defendant Acosta filed a Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1441 (a) and 1446(a) (the "Notice of Removal").  (Dkt. No. 1.)  Defendant LA Metro consented to the Removal.  (Dkt. No. 1 at 4.)  Defendants Arana and Lira were not served as of the date of the Removal.

**II.    SUMMARY OF THE REMAND MOTION**

The Motion argues that removal was not proper because there is no federal question jurisdiction or federal claim alleged on the face of the Complaint.  (Dkt. No. 9 at 5.)  According to Plaintiff, the Complaint "includes no allegation of any federal constitution violation" and exclusively cites the state constitution.  (Id.)  However, in the Opposition, Defendant Acosta argues removal was proper because the Complaint raises a clear issue of federal law by alleging a violation of the Fourth Amendment to the Constitution of the United States. (Opp., Dkt. No. 15 at 5.) Defendant Acosta requests an award of fees because he contends the Motion is objectively unreasonable. (Dkt. No. 15 at 6-7.)

**III.   LEGAL STANDARD**

Removal of a civil state court action to federal court is proper, if the action could have been brought originally in federal court. 28 U.S.C. § 1441 (a); Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 474 (1998) ("A state-court action may be removed to federal court if it qualifies as a civil action … of which the district courts of the United States have original jurisdiction, unless Congress expressly provides otherwise." (internal citations omitted)).  Federal district courts have original jurisdiction of all civil actions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:25-01255 KK (ADS)                                            Date:  May 1, 2025

Title:  *Isaiah Clifton Gaines v. Los Angeles Cnty. Metro. Transp. Auth., et al.*

arising under federal law, including the United States Constitution.  28 U.S.C.A. § 1331.  To determine whether an action arises under federal law, courts examine the "well pleaded" allegations of the complaint.  <u>Beneficial Nat. Bank v. Anderson</u>, 539 U.S. 1, 6 (2003).  A "suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." <u>Louisville & Nashville R. Co. v. Mottley</u>, 211 U.S. 149, 152 (1908). Where a complaint pleads both federal and state claims, the federal claims suffice to establish the federal court's jurisdiction.  <u>City of Chicago v. Int'l College of Surgeons</u>, 522 U.S. 156, 167 (1997). Then the court may exercise supplemental jurisdiction over the state claims if they arise from the same case or controversy as the federal claims. 28 U.S.C.A. § 1367 (a); <u>Int'l College of Surgeons</u>, 522 U.S. at 167.

**IV.    DISCUSSION**

Plaintiff's first cause of action arises under the United States Constitution. The allegations of the Complaint state that Defendants "through use of force… violat[ed] his Constitutional right under the 4th Amendment to the Constitution of the United States". (Compl., Dkt. No. 1-1 at 6.) Because the Complaint's first claim arises under federal law, the Court has original jurisdiction over the action and removal was proper.

The Court declines to award the fees requested by Defendant Acosta.  Defendant cites no statutory basis to authorize such a fee award, nor establishes good cause for sanctions at this time.  <u>See</u> 28 U.S.C. § 1447(c) (no authorization for fee-shifting upon denial of a motion to remand.)

**V.    CONCLUSION**

For the foregoing reasons, the Remand Motion is DENIED.

**IT IS SO ORDERED.**

Initials of Clerk <u>kh</u>